UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael D. Gaskill</u>

   v.                                Civil No. 11-cv-274-SM

<u>New Hampshire State Prison et al.</u>

<u>**O R D E R**</u>

Before the court is Michael Gaskill's complaint (doc. no. 1) and addenda to the complaint (doc. nos. 8-10, 12, 13, and 25-28), alleging that employees of the New Hampshire State Prison ("NHSP") have violated his constitutional and state law rights during his incarceration.[1]  Because Gaskill is incarcerated, this action is before the court for preliminary review to determine, among other things, whether the plaintiff has asserted any claim in the matter upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

---

[1] This case includes the allegations contained in the above-captioned case and in two other cases filed by Gaskill that have been consolidated into this case by order issued February 2, 2012 (doc. no. 24).  The pleadings in those cases have been redocketed as addenda to the complaint here.  The complaint in this matter is therefore comprised of the initial complaint (doc. no. 1) and the addenda and attachments to the addenda (8-10, 12, 13, and 25-28).

**Service**

As explained fully in a report and recommendation issued simultaneously with this order,[2] Gaskill has stated claims upon which relief might be granted as follows: (1) an excessive force claim against C.O. Lee Houston; (2) federal and state law claims asserting inadequate medical care against Houston and Nurse Dahlia Kasahas; and (3) Religious Land Use and Institutionalized Persons Act, First Amendment, and Equal Protection claims against C.O. Azzara.  Accordingly, the court now directs service of these claims on the identified defendants.

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of this Order and the complaint (document nos. 1, 8-10, 12, 13, and 25-28).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether each defendant has authorized the AG's office to receive service on his or her behalf.  When the AG's office files the Acceptance of Service, service will be deemed made on the last day of the thirty-day

---

[2]In the report and recommendation, the court has recommended dismissal of all claims in the complaint that the court has not directed to be served or amended in this order.

period.  If any defendant does not authorize the AG's office to receive service on his or her behalf, or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of that defendant.

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

### Leave to Amend Complaint

As explained in the report and recommendation, Gaskill is granted leave to file an amended complaint to name a defendant or defendants as to each of the following claims, and to state with specificity what each defendant did or failed to do to violate Gaskill's rights:

1. an endangerment claim based on officers placing Gaskill in a cell with a violent inmate;

2. excessive force claims concerning incidents that Gaskill alleges occurred in MHU and SHU;

   3.   inadequate medical care claims concerning: (a) injuries incurred in the MHU and SHU incidents; (b) irritable bowel syndrome; and (c) chest pains.

   If Gaskill chooses to amend his complaint as directed, he must file his amended complaint within thirty days of the date of this order.

### Request for Representation

   In his complaint, Gaskill requests that this court appoint counsel to represent him in this matter.  There is no absolute constitutional right to free legal representation in a civil case.  See King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998). Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d).  An appointment of counsel would be warranted in a case where the indigent litigant can show that "'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'"  King, 149 F.3d at 14 (quoting DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)).

   Gaskill has failed to establish the existence of exceptional circumstances warranting the appointment of counsel in this case.  There is no reason at this time to believe that

Gaskill will be unable to adequately represent himself in this matter.  Accordingly, Gaskill's request for appointed counsel is denied without prejudice to Gaskill renewing his request should circumstances warrant.

### Request for Subpoenas

In his complaint, Gaskill has also requested that two NHSP employees be subpoenaed to testify as witnesses in his case.  As no evidentiary hearing or trial has been scheduled in this matter, the request is premature.  The request is denied without prejudice to renewal should the court schedule an evidentiary hearing or trial.

### Conclusion

The Clerk's office is ordered to make service as directed above.

Gaskill is granted leave to file an amended complaint, as directed above, within thirty days of the date of this order. Should Gaskill fail to comply with the order to amend, the court will recommend that the claims at issue be dismissed for failure to name a defendant or to otherwise state a claim upon which relief might be granted.

Gaskill's requests for appointed counsel and for witness subpoenas are denied without prejudice.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date:  February 21, 2012

cc:  Michael D. Gaskill, pro se

LBM:jba